IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BERNARD J. BECKER,

                                              OPINION AND ORDER

               Plaintiff,

                                              19-cv-285-bbc

     v.

MELINDA DERUS and C. BUESGEN,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Bernard Becker is incarcerated at the Jackson Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, contending that defendants Melinda Derus and C. Buesgen violated his constitutional rights by failing to prevent or protect him from sexual harassment by another inmate. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. After reviewing the complaint, I conclude that plaintiff has failed to state a claim upon which relief may be granted against either defendant.

      Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

      Plaintiff Bernard Becker is incarcerated at the Jackson Correctional Institution, where defendants are employed. Melinda Derus is a unit manager and C. Buesgen is the warden.

      In October 2018, plaintiff told correctional staff on two different occasions that his

1

cellmate was threatening him and saying "sexual things" to him, but he was forced to remain in the same cell. In November 2018, plaintiff told his counselor that an inmate (it is unclear whether the inmate was plaintiff's cellmate) was sexually harassing and "threatening" him. Plaintiff filed a request for a "no contact" order against the inmate. Although the no contact order was approved, plaintiff remained on the same unit as the inmate who had been harassing him. In December 2018, plaintiff called the Prison Rape Elimination Act (PREA) hotline about the harassment, but no one did anything to help him.

Following a stay in segregation, plaintiff was moved back to his old unit on February 7, 2019, even though plaintiff had a no contact order against an inmate on that unit. On February 20, 2019, plaintiff said he wanted to file a PREA complaint. Plaintiff was taken to see defendant Derus. Plaintiff told Derus that inmate Nurse was asking questions about plaintiff's sexuality and telling other inmates that plaintiff would trade sex for canteen items. Derus called a "white shirt" to report the incident and spoke with the witnesses whom plaintiff had identified. Derus then sent an email to all of the correctional officers, instructing them to keep an eye on Nurse and plaintiff. Plaintiff told Derus that Nurse had threatened to beat him up if he ever reported the harassment.

Also on February 20, 2019, plaintiff filed an inmate complaint, stating that Nurse and another inmate were sexually harassing him but nothing was being done. On March 8, 2019, plaintiff's complaint was dismissed. (Plaintiff does not say who reviewed his complaint or dismissed it.) Plaintiff appealed the dismissal "to Madison." Plaintiff is still being sexually harassed every day.

OPINION

The Eighth Amendment imposes a duty on prison officials to insure that "reasonable measures" are taken to guarantee inmate safety and prevent harm, including protecting prisoners from sexual assault or violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Case v. Ahitow, 301 F.3d 605, 607 (7th Cir. 2002). To be liable under § 1983, defendants must have been "personally responsible" for the constitutional deprivation, which means that they "must know about the [substantial risk of serious harm] and facilitate it, approve it, condone it, or turn a blind eye." Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012) (citations and quotation marks omitted). With respect to sexual assault or violence in particular, the Court of Appeals for the Seventh Circuit has held that a failure to provide protection constitutes an Eighth Amendment violation only if deliberate indifference by prison officials to a prisoner's welfare "effectively condones the attack by allowing it to happen." Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010) (quoting Lewis v. Richards, 107 F.3d 549, 553 (7th Cir. 1997) (Plaintiff must "allege facts sufficient to show 'that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'")).

Plaintiff alleges that defendants Derus and Buesgen dismissed his claims of sexual harassment without doing anything to help him. However, his allegations are insufficient to state a failure to protect claim against either defendant.

Plaintiff does not allege that Warden Buesgen knew anything about the alleged harassment or had an opportunity to address it. Although plaintiff says that he filed a few complaints about the inmates who were harassing him, he does not say that Buesgen ever knew about or saw those complaints. In addition, simply "[r]uling against a prisoner on an administrative complaint [about a completed act of misconduct] does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). See also Whitlock v. Brueggemann, 682 F.3d 567, 588-89 (7th Cir. 2012) (Constitution does not require officials to investigate or correct wrongdoing after it has happened). Buesgen would have had to have some reason to know that plaintiff faced an ongoing, substantial risk of serious harm. Plaintiff cannot seek to hold Buesgen liable solely because he is the warden of the institution because § 1983 "does not establish a system of vicarious liability; a public employee's liability is premised on [his] own knowledge and actions, and therefore requires evidence that each defendant, through [his] own actions, violated the Constitution." Aguilar v. Gaston-Camara, 861 F.3d 626, 630 (7th Cir. 2017).

Although plaintiff alleges that he complained to defendant Derus about inmate Nurse asking him questions of a sexual nature, telling other inmates that plaintiff would trade sex for canteen items and threatening to beat plaintiff up if plaintiff reported Nurse, the allegations in the complaint do not suggest that Derus failed to take reasonable measures to address plaintiff's concerns. In fact, plaintiff alleges that after he spoke with Derus, she reported the incident to a supervisor, spoke with witnesses and instructed the correctional officers on the unit to keep an eye on Nurse and plaintiff.

4

Because plaintiff's allegations do not support a constitutional claim against any defendant, I will dismiss this case.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Bernard Becker's failure to state a claim upon which relief may be granted against defendants Melinda Derus and C. Buesgen. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 24th day of May, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge